IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JULIE TRAYWICK,                                                                PLAINTIFF

v.                                          CIVIL ACTION NO. 1:08CV62-SAA

COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT

**MEMORANDUM OPINION**

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the plaintiff's applications for a period of disability (POD) and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI. The court has jurisdiction over plaintiff's claims under 28 U.S.C. § 1331. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, therefore the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff Julie Traywick was born in 1957 and was 50 years old as of the October 3, 2007 hearing before the Administrative Law Judge (ALJ). She completed the eighth grade in school and later obtained her GED. Her past relevant work was as an assistant manager of Quincy's Restaurant, as a bag puller at Innovex and as a presser at a dry cleaning establishment. (Tr. 29 - 33, 38). The plaintiff filed her applications for disability benefits under Title II and Title XVI of the Social Security Act on July 26 and July 19, 2005 respectively, alleging a

disability onset date of July 1, 2002 due to mitral valve prolapse, heart murmur, bleeding ulcers, chronic asthma, severe allergies, arthritis, fibrocystic breast disease, irritable bowel syndrome, recurring sinusitis and high blood pressure. (Tr. 124). Plaintiff's requests for benefits were denied at the initial and reconsideration stages, and she sought timely review from an ALJ. In an opinion dated October 17, 2007, the ALJ found the plaintiff was not under a disability and denied her request for benefits. (Tr. 55). After consideration, the Appeals Council denied review, and plaintiff timely appealed to this court.

In his decision, the ALJ found[1] that the plaintiff's sinusitis, controlled asthma, hypertension, alleged heart murmur, alleged history of mitral valve prolapse and depression were "non-severe impairments" as they are either not medically determinable impairments or impose no more than a minimal impact on the plaintiff's ability to perform work-related activities. (Tr. 49) *See Stone v. Heckler*, 752 F.2d 1099, (5th Cir. 1985). He then found that the plaintiff suffers from the following "severe" impairments: chronic low back pain syndrome, osteoarthritis and peptic ulcer disease. (Tr. 48). However, despite finding the plaintiff suffered these severe impairments, he determined that the that these impairments failed to meet or equal a listed impairment under 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 49, Finding No. 4). He discounted plaintiff's subjective complaints, finding that the plaintiff's testimony, specifically testimony regarding her pain, limitations of daily functioning, and falls, were not supported by objective medical evidence and not entirely credible. (Tr. 50 - 53). At step four, the ALJ concluded that the plaintiff was unable to perform her past relevant work, but that she retained

---

[1]The ALJ acknowledged and followed the five-step sequential evaluation process established by the Social Security Administration in 20 CFR §§ 404.1520(a) and 416.920(a) for determining whether an individual is disabled under the Social Security Act.

the residual functional capacity ("RFC") to perform light work in that she can lift/carry 20 pounds frequently; stand/walk a total of six hours during an 8-hour workday, but she requires a sit/stand option to accommodate spinal discomfort, joint pain and other symptoms. (Tr. 50, Finding No. 5, 54). Based on this RFC, the ALJ found at step five of the sequential evaluation process that the plaintiff retained the ability to perform other work found in significant numbers in the national economy. (Tr. 55, Finding No. 10).

On appeal to this court the plaintiff contends that the ALJ's decision is not supported by substantial evidence. Specifically the plaintiff argues that she is unable to sustain employment as found by the ALJ, that the ALJ substituted his own judgment and opinion that the plaintiff could perform light work, and he did not give proper weight to the medical evidence. Docket 13, p. 4. The defendant has responded to these arguments noting that the ALJ gave specific detail regarding his review of all the evidence, provided reason and discussion of his decision and made conclusions based on the evidence in the record. Defendant asserts that the plaintiff's contentions are without merit, the ALJ's decision was based on substantial evidence and must be affirmed.

## II.    STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through the five-step sequential evaluation process established by the Social Security Administration.[2] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining her burden at each of the first four levels

---

[2]*See* 20 C.F.R. §§ 404.1520 (1996) & 416.920 (1996).

then the burden shifts to the Commissioner at step five.[3] The steps are:

> 1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.
> 2. An individual who does not have a "severe impairment" will not be found to be disabled.
> 3. An individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.
> 4. If an individual is capable of performing the work [s]he has done in the past, a finding of "not disabled" must be made.
> 5. If an individual's impairment precludes [her] from performing [her] past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Dominguez v. Astrue,* 286 Fed.Appx. 182, 187-188, 2008 WL 2787483, 4 (5th Cir.,2008). In analyzing step five, considering plaintiff's RFC, age, education and past work experience, the ALJ determines whether she is capable of performing other work.[4] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that she cannot, in fact, perform that work.[5] Under applicable Social Security rules and regulations, the Commissioner has the final responsibility for determining an individual's residual functional capacity ("RFC"), whether that RFC prevents her from doing past relevant work, and ultimately for determining whether an individual is disabled under the Social Security Act. *See* 20 C.F.R. § 404.1527.

### III. DISCUSSION

The court considers on appeal whether the Commissioner's final decision is supported by

---

[3]*Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991).

[4]20 C.F.R §§ 404.1520(f)(1) (1996) & 416.920(f)(1) (1996).

[5]*Muse*, 925 F.2d at 789.

4

substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

A. Plaintiff's Ability to Maintain Employment

The ALJ considered the evidence in the record, the plaintiff's subjective complaints of pain, limitations and other symptoms, as well as the plaintiff's age, education, past work experience and RFC and determined, after consulting a VE, that there is work in significant numbers in the national economy and in Mississippi, such as a security guard or a garment folder, that the plaintiff can perform. (Tr. 55). Nevertheless, the plaintiff claims that the ALJ erred in failing to determine whether the she could maintain any employment she could obtain.

The plaintiff directs the court to *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002), in which the court held that an ALJ's failure to make a determination that the plaintiff could maintain employment, as required by *Singletary v. Bowen*, 798 F.2d 818 (5th Cir.1986), was an error that required remand. *Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002). In *Singletary,* the Fifth Circuit found that it is not only necessary that a plaintiff be able to obtain employment, but that she must also be able to maintain that job for a significant period of time. *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir.1986); *see also Wingo v. Bowen*, 852 F.2d 827 (5th Cir.1988)

(a determination that a person is capable of engaging in substantial gainful activity depends on a finding not only that the individual has some chance of being hired, but also that, taking account of the individual's exertional and non-exertional limitations, the individual has a reasonable chance, "once hired, of keeping the job").  The plaintiff argues that despite the fact that one of the ALJ's hypotheticals to the VE included limitations that would cause her to miss time from work and would necessitate frequent breaks – thus, says plaintiff, acknowledging that plaintiff could not actually perform the exertional demands of the range of light work indicated by the RFC – the ALJ ultimately ignored those limitations and the VE's testimony that work would be precluded by such limitations.  (Tr. 39 - 40).   Accordingly, plaintiff contends that the ALJ substituted his own judgment for the opinions in the medical records.

The plaintiff's reliance on *Watson* is misplaced.  The ALJ in *Watson* relied on the medical-vocational guidelines to determine at step five that the plaintiff was not disabled. *Watson*, 288 F.3d at 218.  In the instant case the ALJ posed three different hypothetical questions to the VE, one of which added that the hypothetical person would miss four days a month due to limitations.  The ALJ did not ultimately find that plaintiff would have to miss four days a month from work.  He therefore relied on the testimony of the VE in response to the hypothetical which included the limitations ultimately found by the ALJ when he concluded that, taking into account the age, educational and vocational background and work history of the plaintiff as well as her non-exertional limitations, she would be able to perform numerous jobs in the national economy.

The *Watson* court held that "[a] claimant capable of performing sedentary or light work under the guidelines must have the ability to perform the required physical acts day in and day out in the sometimes competitive and stressful conditions in which all people work in the real

6

world." 288 F.3d at 217, citing *Allred v. Heckler*, 729 F.2d 529, 533 (8th Cir.1984). In this case, the VE was present throughout the entire hearing. He had reviewed the plaintiff's relevant vocational information before the hearing and was able to observe the plaintiff and her ability to understand and interact during the proceedings. At the hearing, the ALJ noted all of the plaintiff's relevant characteristics, including her past employment history and education and all limitations in performing employment tasks in the hypothetical posed to the VE. Taking all relevant factors into consideration, the VE testified that the plaintiff was capable of performing numerous jobs that exist in the national economy, including a security guard and a garment folder. The defendant notes that despite plaintiff's complaints of pain and claims of disability, she sought little regular treatment, and the ALJ found little clinical evidence to support plaintiff's claims of limitation or restrictions of vocational ability. (Tr. 51-53). In light of the VE's testimony, the defendant argues that the ALJ's determination regarding the plaintiff's ability to perform various jobs was not misplaced and was in fact supported by substantial evidence.

Testimony of a VE is generally viewed as substantial evidence upon which an ALJ may rely. *Vaughn v. Shalala,* 58 F.3d 129 (5th Cir. 1995); 20 C.F.R. §§ 416.966(e) & 416.969. A plaintiff has the right to have her attorney or representative question the VE about the effects of a physician's findings on the plaintiff's ability to perform work. Indeed, the plaintiff or her representative has the right to question the VE fully on any pertinent matter within his or her area of expertise. 4 Social Security Law and Practice §52:103. In this case, the plaintiff's attorney was present and had an opportunity to question the VE, but failed to inquire of the VE about any matter other than the actual job functions of a laminator, one of the jobs that the VE testified the plaintiff could perform if, hypothetically, her RFC allowed for a full range of sedentary work

7

with a sit/stand option. (Tr. 39-40). Nevertheless, the plaintiff would have the court hold that absent a specific written statement evidencing the ALJ's finding as to a plaintiff's ability to maintain employment, each case where a plaintiff claims she is unable to maintain employment, despite little clinical or objective evidence to substantiate those claims, would warrant remand.

The Fifth Circuit later clarified its holding in *Watson* and held that it is not necessarily error if an ALJ fails to specifically and separately address a plaintiff's ability to maintain employment. *Frank v. Barnhart,* 326 F.3d 618, 622, 2003 WL 1534379 *4 (5th Cir.2003); *see also Dunbar v. Barnhart*, 2003 WL 21061218 (5th Cir.2003). Given the ALJ's consideration of all relevant factors concerning plaintiff's education and vocational information, the ALJ's finding that plaintiff's subjective complaints were not fully supported by the objective medical evidence and the considered testimony of the VE, the court cannot say, even in light of *Watson*, that the ALJ's determination regarding the ability of the plaintiff to perform various jobs in the national economy was not supported by substantial evidence.

B.  ALJ's Assessment of Medical Evidence

The court considers objective medical facts, diagnoses and opinions of treating and examining physicians, the claimant's subjective evidence of pain and disability, and the claimant's age, education, and work history when considering whether the ALJ's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam), citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). While an ALJ is afforded discretion when reviewing facts and evidence in a case, the ALJ is not qualified to interpret raw medical data in functional terms, and if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment, and certainly in contradiction of a

8

physician's medical assessment, then the ALJ's decision is not supported by substantial evidence. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman).

The plaintiff contends that the ALJ substituted his own opinion for that of a consultative medical source, Dr. John A. Frenz. Dr. Frenz found that the plaintiff could lift 10 pounds occasionally and frequently; stand/walk for a total of four hours in an 8-hour workday but for only 30 minutes without interruption; occasionally balance, stoop, kneel, handle or perform pushing and pulling; but never crawl, climb or crouch. (Tr. 199 - 201). The ALJ detailed Dr. Frenz's report and Medical Source Statement and afforded it "some weight" because Dr. Frenz personally examined the plaintiff. (Tr. 53-54). Nevertheless, the ALJ declined to give Dr. Frenz's report controlling weight because it was not well supported by objective medical evidence (including the treatment notes of Dr. Lodhi, Tr. 188 - 191); it was not supported by plaintiff's testimony at the hearing that revealed she could lift up to 15 pounds and perform other activities of daily living; and it imposed greater restrictions than plaintiff's own treating physician, Dr. Turner (who imposed no functional limitations). (Tr. 54).

An ALJ need not give controlling weight to a physician's opinion if it is not supported by medically acceptable laboratory and diagnostic techniques or is inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). An ALJ has sole responsibility for determining a claimant's disability status, and he is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990); *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). Good

cause may exist to allow an ALJ to discount the weight of evidence of a treating or examining physician relative to other evidence where the physician's opinion is conclusory, unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000).

Social Security Ruling 96-8p provides that when determining a claimant's residual functional capacity, the ALJ "must always consider and address medical source opinions." SSR-96-8p, p.7. "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *Id.* Social Security Ruling 96-5 further states that "our rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner." SSR-96-5, p.2. "[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored." *Id.* at p. 3. Thus, when making a determination regarding a claimant's residual functional capacity – a matter which is exclusively within the purview of the ALJ – the regulations require that the ALJ carefully consider medical source opinions, particularly all medical assessments and medical source statements from medical sources who have actually examined the individual. *Id.* at p. 2. After considering all such medical evidence, the ALJ may determine that certain specific medical findings should be afforded more weight than other medical evidence. An ALJ may properly afford lesser weight to the opinion of a physician where the opinions are inadequately explained, not supported by specific findings, contradicted by the opinions of other treating sources, contradicted by the reports of consulting physicians, not supported by objective clinical and laboratory findings, or merely parrot the opinion of plaintiff's attorney in a case where the attorney requested a report

10

from the treating physician. 3 Soc. Sec. Law & Prac. § 37:88.

In considering the medical evidence before him, the ALJ specifically considered plaintiff's testimony and statements to Dr. Turner and Lodhi about her pain, abilities and limitations regarding daily living activities. He took into account the plaintiff's testimony, specifically that she was able to lift and carry 10 to 15 pounds. (Tr. 22). He also considered the report and medical source statement of Dr. Frenz. Based on a complete review of the evidence, the ALJ afforded lesser weight to Dr. Frenz's report. In his decision, the ALJ articulated his reasons for doing so. The court concludes that the evidence supports the ALJ's decision and that the ALJ followed applicable rules and regulations in making his decision. Therefore, the court holds that the ALJ's decision is supported by substantial evidence and should be affirmed.

## CONCLUSION

A final judgment in accordance with this memorandum opinion shall be issued this day.

SO ORDERED, this, the 22nd day of July, 2009.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE